IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRENA BENTLEY, | ) | Case No. 1:26-cv-1235 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DAVID STEINER, UNITED STATES | ) | **AND ORDER** |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | | |

## I. INTRODUCTION

*Pro se* Plaintiff Trena Bentley filed this action alleging she was terminated from her employment with the United States Postal Service ("USPS") for discriminatory and/or retaliatory reasons. ECF Doc. 1. Her termination came after two criminal indictments, two plea agreements, two convictions and a local news station publicizing her convictions and highlighting the fact that she was still working for the U.S. Postal Service. Plaintiff nevertheless contends her 2023 employment termination was based on her race, sex, age, disability and/or and in retaliation for filing a claim with the Equal Employment Opportunity Commission ("EEOC") in 2018. Plaintiff seeks monetary damages, expungement of any mention of the criminal convictions from her employment records, and reinstatement of her employment. See ECF Doc. 9 at 4.

On September 30, 2026 USPS filed a motion to dismiss. ECF Doc. 13. Plaintiff filed an opposition on October 20, 2026 (ECF Doc. 14), and USPS filed a reply. ECF Doc. 15. For the reasons stated below, Plaintiff's complaint is DISMISSED.

## II. BACKGROUND

Plaintiff began her career with the United States Postal Service as a casual clerk in 2011. ECF Doc. 9. She became a career clerk in April 2013 and was promoted to an expeditor position in September 2018 with acting supervisor duties. *Id.* She alleges that she never received disciplinary actions and worked around mail, checks, and credit cards daily until her employment was terminated on April 14, 2023. *Id.*

In November 2018, Plaintiff was indicted by a Cuyahoga County Grand Jury on two counts of theft and two counts of forgery, stemming from a report from an elderly man to the Pepper Pike police that checks for his new bank account were missing from his mail. *See* ECF Doc. 1-5; *State of Ohio v. Bentley*, No. CR-18-633996-A[1] (Cuyahoga Cty. Comm. Pl. Ct. indict filed Nov. 2, 2018). One of the missing checks eventually was made out to Plaintiff in the amount of $2,500.00. Police obtained video evidence of Plaintiff depositing the check into her bank account. Police learned that she was a postal employee and contacted the United States Postal Service. The Postal Service admitted to Pepper Pike police that Plaintiff had been the subject of a similar prior investigation, but it was determined that there was not enough evidence at that time for discipline or termination. ECF Doc. 1-5 at 5.

In April 2019, Cleveland 19 News learned of Plaintiff's indictment and featured it in a news story. ECF Doc. 1-11. This report noted that Plaintiff had prior arrests in North Carolina, Mahoning County, and Cuyahoga County. As part of its investigation, the news

[1] https://cpdocket.cp.cuyahogacounty.gov

crew contacted USPS about Plaintiff and asked why she was still employed. The USPS did not respond to Cleveland 19 News's inquiry. *Id.*

On April 16, 2019, Plaintiff pleaded guilty to theft and aggravated theft in exchange for dismissal of the other charges. ECF Doc. 1-9. The state court sentenced her to thirty days in jail, but suspended that sentence, and imposed two years of supervised release. *Id.* Despite this conviction, the USPS did not immediately terminate Plaintiff's employment.

Plaintiff was indicted again on June 25, 2019, this time by a federal grand jury. *See United States v. Bentley*, No. 1:19-cr-389 (N.D. Ohio Oct. 25, 2022). This indictment claimed Plaintiff mailed a Stein Insurance Agency check made payable to McGown Program Administrators in the amount of $ 15,105.40 to another individual identified only as R.H. at a P.O. Box controlled by the United States Postal Service Office of Inspector General. *Id,* ECF Doc 1. The indictment alleged that Plaintiff and R.H. agreed that R.H. would either cash the check or deposit it into another account and then send Plaintiff half of the money. *Id.* at 2. Count 2 of the indictment alleged Plaintiff also fraudulently endorsed a check drawn on Farmers Bank in the amount of $ 5,073.80, made payable to an individual identified only as W.R., and then deposited it into an account at JP Morgan Chase Bank in Plaintiff's name. *Id.* at 4. Count 3 of the indictment alleged Plaintiff, when questioned regarding the Stein Insurance Agency check, drafted a false sworn statement explaining that she met with an individual identified as L.W. to get the check for R.H. *Id.* at 4-5. Plaintiff was charged with mail fraud, bank fraud, and making a false statement. *Id.*

Cleveland 19 News learned of Plaintiff's federal indictment and featured it in another news story on June 28, 2019.[2] This broadcast suggested that the federal indictment would

[2] https://www.cleveland19.com/2019/06/28/usps-worker-that-was-target-news-investigation-now-indicted-mail-thefts/

revive a dormant probe by the United States Postal Service into Plaintiff's prior behavior. *Id.* The news agency reported that the USPS had placed Plaintiff on paid leave pending the outcome of the new criminal case. *Id.*

On June 27, 2022, Plaintiff entered into a plea agreement in which she agreed to plead guilty to making a false statement (Count 3) in exchange for dismissal of the other charges. *See United States v. Bentley*, No. 1:19-cr-389, ECF Doc. 53. She was sentenced to four months in prison and ordered to self-report to the Bureau of Prisons on January 5, 2023. *Id.,* ECF Doc. 59. The United States Sixth Circuit Court of Appeals dismissed her appeal on March 28, 2023. *Id.,* ECF Doc. 71.

On April 14, 2023, shortly after her appeal was dismissed, the USPS terminated Plaintiff's employment. ECF Doc. 1-8. The reason stated in the Notice of Removal sent to Plaintiff was "Improper Conduct." The Notice of Removal also reflects that Plaintiff had been the subject of a criminal investigation that went on for a number of years. It also references the USPS's policy that employees must not engage in criminal, dishonest, notoriously disgraceful, immoral or other conducted prejudicial to the Postal Service. *Id.* at 2.

## III. PROCEDURAL HISTORY

After USPS terminated Plaintiff on April 14, 2023, she contacted an EEOC Counselor on August 8, 2023, and was assigned Case No. 4H-440-0123-23. In her EEOC claim, Plaintiff alleged: (1) race discrimination; (2) age discrimination; and (3) retaliation. On December 17, 2024, after an investigation and without a hearing, the EEOC Administrative Judge issued a final agency decision in favor of the USPS. According to tracking information, Plaintiff received the

Notice of Final Action on January 11, 2025.[3] After receiving the Notice, Plaintiff appealed the decision to the EEOC's Office of Federal Operations (OFO) on February 17, 2025. The OFO issued its final decision and affirmed the EEOC's order on March 25, 2026. On May 29, 2026, Plaintiff, acting *pro se*, filed the current action against USPS, alleging: (1) race discrimination; (2) sex discrimination; (3) age discrimination; (4) disability discrimination; and (5) retaliation.

Plaintiff filed an amended complaint on August 3, 2026. ECF Doc. 9. Plaintiff's amended complaint provides less information than her original complaint. Her allegations are cursory and fragmented. She lists the same claims as asserted in her original complaint—race, sex, age, disability discrimination and retaliation. ECF Doc. 9 at 4. She also refers to a claim for due process violation under 5 U.S.C. § 7513 but later denies having asserted this claim in her opposition to the motion to dismiss. *See Id.;* ECF Doc. 14 at 6.

USPS filed a motion to dismiss on September 30, 2026. USPS argues that Plaintiff did not raise the claims of disability or sex discrimination in her EEOC charge of discrimination. Accordingly, USPS moves for dismissal of those claims because Plaintiff did not exhaust her administrative remedies. Regarding Plaintiff's claims for race discrimination and retaliation, USPS argues that Plaintiff did not timely appeal the EEOC's finding that those claims had no merit.

Plaintiff filed a response in opposition on October 20, 2026. Plaintiff argues that Defendant waived its timeliness argument because the OFO decided Plaintiff's appeal on the merits rather than on Defendant's argument that the appeal was untimely. Regarding her age discrimination claim, Plaintiff argues that she has alleged enough facts to support a plausible age discrimination claim. Plaintiff argues that she identified five younger employees who committed

---

[3] In Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff contends that she did not receive the EEOC's final decision until January 18, 2025. ECF Doc. 14-4.

similar or more egregious conduct and who all kept their jobs, were allowed to resign, or returned to work.[4] The Court will further consider these claims below.

## IV. STANDARDS OF REVIEW

### A. Pro Se Review

The Court is required to construe *pro se* complaints liberally and to hold them to a less stringent standard than those drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Sistrunk v. City of Strongsville*, 99 F.3d 194 (6th Cir.1996).

### B. *Iqbal Twombly*

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is

[4] Plaintiff does not identify the age of the "comparators" listed in her complaint.

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

## V. LAW & ANALYSIS

### A. Exhaustion

Defendant argues that Plaintiff did not exhaust her administrative remedies for sex and disability discrimination. Generally, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). The EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Here, Plaintiff did not check the sex or disability boxes on the cover page of her EEOC charge. ECF Doc. 11-1 at 1. Nor did her factual allegations describe discrimination based on sex or disability. *Id.* Plaintiff's primary claim was her claim for retaliation and her charge sets forth facts which she believes support that claim.

Because employees often file EEOC charges *pro se*, courts construe those charges "liberally in favor of the employee when evaluating exhaustion." *Milczak v. Gen. Motors, LLC,* 102 F.4th 772, 782 (6th Cir. 2024). However, the charge must at least "put the EEOC on notice" that the employee may have suffered the claim alleged, "such that the agency can investigate that claim if it so chooses." *Id.* (citation omitted). Here, Plaintiff's charge did not alert Defendant or

the EEOC that Plaintiff was raising claims for sex or disability discrimination. Accordingly, Plaintiff did not exhaust those claims and Defendant is entitled to their dismissal on that basis.

**B. Timeliness**

Defendant also argues that Plaintiff failed to exhaust her remaining claims for race discrimination and retaliation because she failed to file a timely appeal of the EEOC's Notice of Final Action with the Office of Federal Operations. Under C.F.R. § 1614.402(a), Plaintiff was required to file her appeal within 30 days of receipt of the final action. Here, the Notice of Final Action was issued on January 6, 2025. Defendant argues that "based on tracking information, Bentley and her representative both received the Notice of Final Action on January 11, 2026." *See* ECF Doc. 13-4 and 13-5. Plaintiff did not file her appeal with the OFO until February 17, 2025. *See* ECF Doc. 13-6. Because more than 30 days passed between January 11th and February 17th, Defendant argues that Plaintiff failed to exhaust her administrative remedies.[5]

The Court does not agree with Plaintiff that USPS waived its timeliness argument at the administrative level.[6] However, there are two problems with Defendant's argument regarding Plaintiff's failure to exhaust her race and retaliation claims. Plaintiff has submitted a declaration stating that, despite the agency's tracking information, she did not receive the Notice of Final Action until January 18, 2025. *See* ECF Doc. 14-4 at 2. If this statement is true, Plaintiff's appeal to the OFO was filed 30 days after receipt and therefore timely. Secondly, the OFO issued a final decision *on the merits* of Plaintiff's claims rather than dismissing it as untimely. *See* ECF Doc. 11-2. In both cases cited by Defendant, *Seiden v.*

[5] Defendant does not argue that Plaintiff's appeal to this Court was untimely, but that an earlier appeal to the OFO was untimely.
[6] USPS raised this issue, but the OFO decided Plaintiff's claims on the merits.

*Potter,* 2004 U.S. Dist. LEXIS 31499 at *3 (E.D. Michigan 2004) and *Hykes v. Lew,* 2017 U.S. App. LEXIS 22054 (6th Cir. 2017), the EEOC and OFO had dismissed the plaintiffs' claims as untimely. The district courts in those cases agreed with the EEOC or OFO and dismissed the cases due to the untimely agency appeals. Here, the OFO did not find Bentley's claims were untimely but dismissed them on the merits. Nonetheless, Defendant is asking this Court to find Plaintiff's agency appeal was untimely, even though the agency did not. While Defendant may be correct that the Court *could* dismiss Plaintiff's claims on that basis, the Court finds that it is unnecessary to do so. As is further explained below, the Court will dismiss Plaintiff's claims because they are totally implausible.

**C. Implausible Allegations**

Though not expressly argued in Defendant's motion to dismiss, the Court finds that Plaintiff's allegations are implausible and devoid of merit. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*,183 F.3d 477, 479 (6th Cir. 1999). The Supreme Court has held that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 677-78 ("[A] complaint [will not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). The Sixth Circuit clarified the scope of *Twombly* and *Iqbal*, noting that "even though a Complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.'" *New Albany Tractor v.*

*Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

Plaintiff's Complaint never rises above the speculative level. Although she states that she is a black female born in 1971, she makes no mention of any disability and provides no factual allegations which suggest how or why she believes her race, gender, age or disability may have been factors in her termination. She provides no information regarding the alleged 2018 EEOC complaint, and there are no facts connecting the alleged 2018 EEOC complaint to her termination in 2023. The USPS investigated Plaintiff's suspicious behavior in 2018, at the time of the alleged EEOC filing and prior to any criminal charges being brought. According to the police report, USPS determined that there was not enough evidence at that time to terminate her employment. ECF Doc. 1-5 at 5. She was not fired after her first conviction in 2019, which was closer in time to her EEOC complaint. Nor was she fired after the first Cleveland 19 News report of her conviction. She remained employed, as a supervisor, until she was indicted and convicted a second time for engaging in similar activity, and that indictment was again publicized by Cleveland 19 News. In fact, USPS did not terminate her employment until after her appeal of that conviction was dismissed. While Plaintiff only pleaded guilty to the charge of providing false information, the other charges involved the theft of checks from the mail. Firing an employee for engaging in criminal activity is not protected conduct, particularly when that activity reflects poorly on the employer.

In her opposition, Plaintiff argues she was not convicted of crimes involving her employment. She attempts to distinguish the charges to which she pleaded guilty from the criminal charges directly related to her postal service. Plaintiff's federal conviction was

directly related to her employment—she knowingly lied to USPS investigators about her conduct as a postal employee. Further, Plaintiff was a supervisor, and USPS could hold her to a higher level of conduct. USPS had a well-documented, non-discriminatory reason for terminating Plaintiff's employment. Plaintiff has not alleged that any supervisor with a similar conviction was not terminated. Therefore, Plaintiff has not alleged (with any plausibility) that the reasons given for her termination were only pretext.

## VI. CONCLUSION

Because Plaintiff's discrimination claims are totally implausible, attenuated, unsubstantial, frivolous and devoid of merit, this Court dismisses them *sua sponte* for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant is also entitled to dismissal of Plaintiff's claims for sex and disability discrimination because they were not exhausted in her filings with the EEOC.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: November 18, 2026

*s/Dan Aaron Polster*
United States District Judge